IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEVERINO-JAVIER, EXECUTOR OF NAHINU-RESPICIO TRUST ESTATE; MARK EDWARD OF THE HILL ESTATE, DULY AUTHORIZED ADMINISTRATOR FOR NAHINU-RESPICIO TRUST ESTATE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>STATE OF HAWAII; COURT OF THE SECOND CIRCUIT, WAILUKU DIVISION; J P MORGAN CHASE BANK, NATIONALS ASSOCIATION; CENTRAL PACIFIC BANK; BANK HOME LOANS SERVICING LP; R.K. ARNOLD MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GARY Y. OKUDA; KARYN A. DOI; ANYA Y. PEREZ; JOHN AND JANE DOES 1-100,<br><br>        Defendants. | CIVIL 12-00145 LEK-BMK |

**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS**

Before the Court are: 1) Defendant Central Pacific Bank's ("CPB") Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted ("CPB Motion"), filed on May 23, 2012; 2) the May 30, 2012 filing titled Writ of Mandamus by Plaintiffs Severino-Javier, Executor of Nahinu-Respicio Trust Estate, and Mark-Edward, of the Hill Estate, Duly Authorized Administrator for Nahinu-Respicio Trust Estate (collectively "Plaintiffs"), which this Court construes as a motion for a writ

of mandamus ("Plaintiffs' Motion"); and 3) the Motion to Dismiss Complaint ("BoA Motion") filed on August 10, 2012 by Defendants Bank of America, N.A. (as successor-by-merger to BAC Home Loans Servicing, LP (erroneously sued as "Bank Home Loans Servicing LP")), Mortgage Electronic Registration Systems, Inc. (erroneously sued as "R.K. Arnold Mortgage Electronic Registration Systems, Inc.") ("MERS"), and JPMorgan Chase Bank, National Association ("JPMorgan", all collectively "BoA Defendants"). [Dkt. nos. 12, 16, 35.] Plaintiffs filed their memorandum in opposition to the CPB Motion on June 14, 2012, [dkt. no. 26,] but did not file a response to the BoA Motion. CPB and the BoA Defendants filed their memoranda in opposition to Plaintiffs' Motion on August 30, 2012 and August 31, 2012, respectively. [Dkt. nos. 42, 47.] CPB also filed a statement of no opposition to the BoA Motion on August 30, 2012. [Dkt. no. 43.] Plaintiffs filed a reply in support of Plaintiffs' Motion on September 4, 2012. [Dkt. no. 51.]

On September 7, 2012, this Court entered an order finding these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. [Dkt. no. 53.] After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the CPB Motion and the BoA Motion are HEREBY DENIED AS MOOT, and

Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

The instant case originated with a foreclosure-ejectment action in the Circuit Court of the Second Circuit, State of Hawai`i ("state court"), <u>JPMorgan Chase Bank, National Ass'n v. Severino J. Nahinu-Respicio, et al.</u>, Civil No. 11-1-0601(2) ("Ejectment Action"). CPB was not a named party in the Ejectment Action. [Mem. in Supp. of CPB Motion at 2.] JPMorgan brought the Ejectment Action seeking to enforce a non-judicial foreclosure of a mortgage lien on 328A South Alu Road, Wailuku, Hawai`i 96793. [<u>Id.</u> at 2-3 (citing JPMorgan's Motion for Summary Judgment and for Writ of Ejectment Against Severino J. Nahinu-Respicio in the Ejectment Action ("Ejectment Summary Judgment Motion")).[1]] CPB was the original lender and MERS was the mortgagee under the Mortgage. The Mortgage secured a promissory note by Severino J. Nahinu-Respicio in favor of CPB for $544,000.00. [BoA Motion, Decl. of Patricia J. McHenry, Exh. B (Mortgage by Severino J. Nahinu-Respicio) at 1.]

Plaintiffs filed their Notice of Removal on March 12, 2012 based on federal question jurisdiction. [Notice of Removal at ¶ 3.] The purported pleading attached to the Notice of

---

[1] The Ejectment Summary Judgment Motion is attached to Plaintiffs' Notice of Removal as Exhibit B.

Removal is titled "Libel of Review in Article III" and Plaintiffs describe it as a "Verified Complaint Counterclaim in Admiralty" ("Counterclaim").  The Counterclaim, however, apparently was not filed in the Ejectment Action.  In fact, the caption states "IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII".  [Counterclaim at 1.]

According to state court records, Severino J. Nahinu-Respicio filed the Notice of Removal in the Ejectment Action on March 13, 2012.  At the March 14, 2012 hearing on the Ejectment Summary Judgment Motion, the state court treated the Notice of Removal as a response to the Ejectment Summary Judgment Motion.  The state court therefore granted the motion and instructed JPMorgan's counsel to prepare the order granting the motion.  As of the date of this Order, however, no order granting the Ejectment Summary Judgment Motion has been filed.  On March 19, 2012, Severino J. Nahinu-Respicio filed a notice of appeal to the Intermediate Court of Appeals of the State of Hawai`i.

## DISCUSSION

Before this Court can consider the merits of the pending motions, it must determine whether it has jurisdiction over this action in the first instance.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

whether the parties raised the issue or not" (citation omitted)).

    28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs acknowledge that the complaint in the Ejectment Action did not assert a federal claim, and Plaintiffs contend that the Counterclaim provides the basis for federal question jurisdiction because it asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  [Notice of Removal at ¶ 1.]

    First, the Court notes that it is well established that a federal question in a defense or a counterclaim does not establish federal question jurisdiction for removal purposes. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) ("a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated" (emphasis and footnote omitted)); Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985) (removal may not be based on a federal question raised by a defendant in a counterclaim).

Further, even if Plaintiffs' Counterclaim were removable, it would be the counterclaim defendants who are entitled to removal.  28 U.S.C. § 1446 states, in pertinent part:

> (a) Generally.--**A defendant or defendants** desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by **the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphases added.)  Plaintiffs acknowledge that there is no federal question in the complaint in the Ejectment Action; the only purported basis of federal jurisdiction is in the Counterclaim.

This Court therefore CONCLUDES that, even assuming *arguendo* that the Counterclaim was properly filed in the Ejectment Action, Plaintiffs improperly removed the Counterclaim.  Further, this Court CONCLUDES that it lacks jurisdiction over the instant case.

**CONCLUSION**

On the basis of the foregoing, this action is HEREBY DISMISSED FOR LACK OF JURISDICTION.  The Court therefore DENIES AS MOOT CPB's Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted, filed May 23, 2012, and the BoA Defendants' Motion to Dismiss Complaint, filed August 10, 2012.  The Court also DENIES Plaintiffs' motion for writ of mandamus, filed May 30, 2012.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 17, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SEVERINO-JAVIER, ET AL. V. STATE OF HAWAII, ET AL; CIVIL NO. 12-00145 LEK-BMK; ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS**